IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Irving E. Twitty, | C/A No. 0:09-796-DCN-PJG |
| Petitioner, | |
| vs. | **REPORT AND RECOMMENDATION** |
| Warden Raymond Reed, Manning Correctional Institution; South Carolina Department of Corrections State Classification Department, | |
| Respondents. | |

The petitioner, Irving E. Twitty ("Twitty"), a self-represented state prisoner, filed this petition seeking a writ of habeas corpus based on his assertion that the respondents have miscalculated his sentence. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the respondents' motion for summary judgment. (Docket Entry 10.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised the petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondents' motion. (Docket Entry 11.) Twitty filed a response in opposition. (Docket Entry 13.) Additionally, Twitty filed two motions to amend his response in opposition and attached his proposed amended response and affidavits. (Docket Entries 15 & 18.) Having carefully considered the parties' submissions and the record in this case, the court concludes that the respondents' motion should be granted.

**BACKGROUND**

Twitty is currently serving a ten-year sentence of imprisonment following a conviction for criminal domestic violence of a high and aggravated nature ("CDVHAN") (07-GS-42-0708).

(Docket Entry 10-2 at 9.) Although Twitty has filed numerous submissions and exhibits in connection with this matter, the exact nature of the dispute as to the calculation of his sentence is somewhat difficult to discern. This difficulty is exacerbated by the fact that SCDC apparently corrected the problem Twitty initially raised in this matter—Twitty's sentence start date—since the filing of the instant Petition. (Docket Entry 18-3 at 2.) However, it appears that the crux of his most recent filings in this court is that even after SCDC corrected his sentence start date to account for time he served in pre-sentence detention, his projected release date, or "max-out" date, did not make a commensurate change.[1] (Id. at 4-6.)

The respondents have filed a return to Twitty's petition and a motion for summary judgment, in which they contend that: (1) Respondent South Carolina Department of Corrections is not a proper party; (2) Twitty has failed to exhaust his administrative remedies; (3) Twitty has failed to assert a ground for relief pursuant to 28 U.S.C. § 2254; and (4) Twitty has failed to demonstrate that he is entitled to injunctive relief.

## DISCUSSION

**A.  Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party

---

[1] The court observes that projected release dates inherently fluctuate, as they depend not only on a prisoner's finite amount of credit for pre-sentence detention or "jail time served," but also on variable types of sentence credits. For example, when an inmate earns good time, work, education, or other sentence-related credits, they reduce his max-out date. Conversely, when those credits are taken away for disciplinary reasons, the max-out date is extended.



who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.** **Habeas Corpus**

    **1.**     **Parties**

As an initial matter, Respondent South Carolina Department of Corrections ("SCDC") correctly asserts that it is not a proper party to a habeas petition. Generally, only the warden with

custody of the petitioner is properly named as a respondent in a habeas corpus action. See Rumsfeld v. Padilla, 542 U.S. 426, 464-35 (2004); 28 U.S.C. § 2242. Accordingly, SCDC should be dismissed as a party.

**2.     Section 2241 Generally and Exhaustion Requirement**

In their motion, the respondents correctly assert that Twitty has not asserted a ground for relief under 28 U.S.C. § 2254. However, the court has previously directed that Twitty's Petition be treated as one brought pursuant to 28 U.S.C. § 2241. (See Docket Entry 6.) The court will analyze Twitty's claims accordingly.

"Unlike petitions brought under § 2254, which challenge the validity of a state court conviction and sentence, petitions brought under § 2241 generally challenge the execution or implementation of a sentence, such as parole matters, sentence computation, calculation of good time credits, prison disciplinary actions, and transfers." Clemmons v. South Carolina, C/A No. 0:08-607-RBH, 2008 WL 2845636, *1 (D.S.C. July 18, 2008).

Before a state prisoner can seek federal habeas relief under § 2241, he must first exhaust any state court remedies that may be available. O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999) ("Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas corpus petition."); Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 490-91 (1973) (stating that exhaustion also required under 28 U.S.C. § 2241). "To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997). "Where questions concerning exhaustion arise, the petitioner bears the burden of

Page 4 of 10

PJG

demonstrating that state remedies have, in fact, been exhausted." Mallory v. Smith, 27 F.3d 991, 994 (4th Cir. 1994). The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." Coleman v. Thompson, 501 U.S. 722, 731 (1991). The exhaustion requirement "preserves the respective roles of state and federal governments and avoids unnecessary collisions between sovereign powers." Fain v. Duff, 488 F.2d 218, 224 (5th Cir. 1973) (discussing Braden, 410 U.S. 484).

Resolution of the respondents' assertion that Twitty has failed to exhaust his state remedies is rendered problematic by the fact that Twitty has apparently taken a "shotgun" approach to this problem and contemporaneously filed multiple matters in various forums. Although Twitty has attempted to present this issue to SCDC, the South Carolina Administrative Law Court, the South Carolina Court of Common Pleas, the South Carolina Court of Appeals, and the South Carolina Supreme Court, he has nonetheless failed to properly exhaust his state remedies as required prior to seeking habeas corpus relief in federal court.

South Carolina law provides that, as to certain prison administrative decisions that affect an inmate's sentence, the inmate may seek review of an SCDC decision from the South Carolina Administrative Law Court. See Al-Shabazz v. State of South Carolina, 527 S.E.2d 742, 750 (S.C. 2000); see also Slezak v. S.C. Dep't of Corr., 605 S.E.2d 506, 507 (S.C. 2004). These issues include situations where an inmate is disciplined and punishment is imposed, or when an inmate believes that prison officials have erroneously calculated his sentence, sentence-related credits, or custody status. Sullivan v. S.C. Dep't of Corr., 586 S.E.2d 124, 126 (S.C. 2003); Al-Shabazz, 527 S.E.2d at 750. Generally, a state prisoner's sentence calculation claim will fall within the category of

PJG

administrative issues that the South Carolina Supreme Court has identified as properly being raised through the prison grievance process with appeal to the South Carolina Administrative Law Court, rather than through a post-conviction relief ("PCR") application filed in circuit court.[2]  See Al-Shabazz, 527 S.E.2d 742.  Pursuant to the South Carolina Administrative Procedures Act ("APA") and the South Carolina Appellate Court Rules, an inmate who is dissatisfied with the decision of the Administrative Law Court may seek judicial review from the South Carolina Court of Appeals, and, ultimately, the South Carolina Supreme Court.  S.C. Code Ann. § 1-23-610; Rule 242, SCACR.[3]

With regard to his sentence calculation issue, Twitty appears to have gotten off to the right start by appealing SCDC's denial of his grievance to the Administrative Law Court.  See Docket No. 08-ALJ-04-0879-IJ.  However, he did not properly perfect his appeal there, and the Administrative Law Court dismissed his appeal for failure to serve notice of the appeal on SCDC in accordance with state law.  (See Jan. 15, 2009 ALC Order, Docket Entry 1-1 at 10-11.)  Although Twitty appealed

---

[2] Here, Twitty appears to be raising such an administrative issue, as he asserts that the SCDC has improperly calculated his sentence by failing to fully credit him with time served in pre-sentence incarceration.  Accordingly, the exhaustion of his state remedies begins with the administrative grievance procedure of SCDC and review by the South Carolina Administrative Law Court as outlined in Al-Shabazz, with appeal to the state appellate courts.  Al-Shabazz, 527 S.E.2d at 752-57 (discussing the application of the APA and the review process); 203(b)(6), SCACR; see also S.C. Code Ann. § 1-23-610(A)(1).  This procedure, which applies for most § 2241 issues, is in contrast to habeas corpus issues that are appropriately raised under 28 U.S.C. § 2254, which will generally commence in circuit court pursuant to the PCR statutes with appeal pursuant to the corresponding appellate court rules.  See generally S.C. Code Ann. §§ 17-27-10 et seq.; Rule 243, SCACR.

[3] The court observes that the respondents incorrectly state in their brief that appeal from the Administrative Law Court is to the circuit court, citing Al-Shabazz.  In 2006, however, subsequent to the Al-Shabazz decision, the General Assembly streamlined the appellate review process for most administrative decisions in South Carolina and legislatively eliminated the circuit court from that process; consequently, appeals from the Administrative Law Court go directly to the South Carolina Court of Appeals.  S.C. Code Ann. § 1-23-610(A)(1).  Practitioners would do well to note this change in the law.

PJG

the Administrative Law Court's order to the South Carolina Court of Appeals, he similarly did not perfect his appeal there, as he failed to pay the filing fee. (Order, Docket Entry 13-1 at 43.) While that appeal was still pending at the Court of Appeals, Twitty prematurely attempted to "appeal" to the state Supreme Court. Rule 242(a), (c), SCACR (stating that a party may seek a writ of certiorari for the South Carolina Supreme Court to "review a *final decision* of the Court of Appeals" and stating that a decision is not final until the petition for rehearing or reinstatement has been acted on by the Court of Appeals) (emphasis added). This appeal was also dismissed. (Order, Docket Entry 1-1 at 4.) Significantly, there is no evidence in the record showing that Twitty properly sought review by the South Carolina Supreme Court following the issuance of the final order of the Court of Appeals.

Moreover, during the pendency of his 2008 appeal at the Administrative Law Court, Twitty filed a PCR application in the circuit court raising the issue of his sentence start date. (Docket Entry 15-3 at 2-17.) Specifically, Twitty asserts as a ground for relief "[t]he incorrect sentence starting date that is placed on the sentence by SCDC Classification Dep't along with the uncalculations of jail-time credits." The PCR court dismissed Twitty's application in light of the pendency of Twitty's direct appeal from his criminal conviction on indictment number 2007-GS-42-0708.[4] Twitty did not appeal the PCR court's order.

Based on the foregoing, the court finds that Twitty did not fully and properly exhaust his state court remedies with regard to the sentence start date issue originally raised in this § 2241 Petition. See Coleman, 501 U.S. 722 (stating that if an issue is not properly raised to the state's highest court

---

[4] As of the date of this Report and Recommendation, this direct appeal is still pending at the South Carolina Court of Appeals.



and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review). He failed to properly perfect his appeals at the Administrative Law Court and the South Carolina Court of Appeals. Moreover, he never properly and fairly presented the issue to the state Supreme Court. Matthews, 105 F.3d at 911 ("To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court."). Finally, even if a PCR action were the proper vehicle through which to raise a sentence calculation claim, he has not obtained a final order from the highest court with jurisdiction to decide it.[5] Id.

Moreover, it appears that the issue of the proper start date of Twitty's sentence has become moot. Since the filing of the instant Petition, two state courts in addition to the ones discussed above have taken action with regard to the issues Twitty asserts here. First, Twitty obtained an order from his sentencing circuit judge directing that his sentence begin to run as of September 8, 2006—the date Twitty contends is the proper start date. Second, it appears that Twitty, who apparently filed new grievances with SCDC relating to the calculation of his sentence, again appealed to the Administrative Law Court. See Docket No. 09-ALJ-04-0334-AP. This time he asserted that, even though his sentence start date had been corrected, his projected release date or "max-out" date had not made a commensurate change. Specifically, Twitty argued that his max-out date is

---

[5] Notably, In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 471 S.E.2d 454 (S.C. 1990), and State v. McKennedy, 559 S.E.2d 850 (S.C. 2002), hold that a petitioner need not petition for rehearing and certiorari in appeals from criminal convictions or post-conviction relief matters. In other words, once a PCR petitioner obtains a ruling from the Court of Appeals, he has exhausted his remedies under state law and generally may proceed to federal court. In re Exhaustion, 471 S.E.2d 454; McKennedy, 559 S.E.2d at 853. However, it does not appear that this rule has been extended to administrative sentence calculation decisions arising out of SCDC and the Administrative Law Court. Thus, it appears that with regard to the instant issue, Twitty would likely have to present his sentence calculation claim to the state Supreme Court to fully exhaust his state remedies.

PJG

approximately ten months later than it should be. (See, e.g., Docket Entry 10-3 at 10-11.) This appears to be the identical issue Twitty raises in his latest filings in this court. In July of 2009, the Administrative Law Court dismissed Twitty's appeal as moot. Twitty did not appeal that order.

Thus, it appears that at this juncture, the claim that Twitty raises in this Petition relating to his sentence start date is (1) not properly exhausted; and (2) moot in any event. It further appears that Twitty's claim that his max-out date is still not properly calculated in spite of the corrected start date is also not properly exhausted, as Twitty did not fairly present this claim to the South Carolina appellate courts. See Matthews, 105 F.3d at 911.

## RECOMMENDATION

Therefore, the claims Twitty seeks to raise in this § 2241 Petition are either moot or have not been fairly presented to the state appellate courts. Accordingly, the court recommends that the respondents' motion for summary judgment (Docket Entry 10) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 18, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).